HOWARD CREMENS v. STATE OF NEBRASKA.

FILED FEBRUARY 17, 1925.    No. 24346.

1. **Embezzlement**: CONVERSION AS BAILEE. Before one may be convicted of the crime of conversion as bailee, it must be shown that the defendant was in the rightful possession of the subject of the crime.
2. **Evidence** examined, and *held* insufficient to support the verdict.

ERROR to the district court for Lancaster County: JEFFERSON H. BROADY, JUDGE. *Reversed.*

*W. C. Parriott,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lee Basye, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD, THOMPSON and EVANS, JJ., REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

Defendant was convicted upon an information attempting to charge the felonious conversion of an automobile with intent to steal the same while it was in his possession as bailee, the charging part of the information being as follows: That the defendant, "then and there being bailee of certain personal property, to wit, one Ford roadster, * * * of the value of $233.55, the personal property of the Singer Sewing Machine Company, a corporation, and while said property was so held by him as such bailee, then and there unlawfully and feloniously did steal, take and carry away said property." Sentence having been pronounced upon such conviction, the defendant appeals to this court.

While there may be some question as to the sufficiency of the information because of its failure to charge conversion of the automobile with intent to steal the same, in the language of the statute, the only question presented for decision is whether or not the evidence is sufficient to sustain the verdict. It appears without dispute that the automobile in question was put into the possession of the defendant as bailee, but it also appears that a few days prior to the taking of the car by the defendant he had been discharged by the bailor, and on the day of the taking the bailor retook the possession thereof from the defendant; later on the defendant took the car and drove it away. It is perfectly apparent, under this evidence, that the defendant did not commit the crime of larcency or conversion as bailee, because a necessary element of the crime is that the defendant be in the rightful possession of the property. The defendant may have been guilty of larcency, or stealing, or taking the automobile, but he was not charged with either of those crimes. It follows that the judgment of the district court is erroneous and must be reversed.

REVERSED AND REMANDED.